IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISYSTEMS, INC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-1175-N |
| | § | |
| VICTOR T. FU, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendants Spark Networks Ltd. and Spark Networks, Inc.'s (collectively, the "Spark Defendants") motion to dismiss [30]. For the reasons provided below, the Court grants the motion.

### I. PROCEDURAL BACKGROUND

The Court dismissed Plaintiff ISystems, Inc.'s ("ISystems") original complaint for failure to state a claim under Rule 12(b)(6) and failure to plead fraud with particularity under Rule 9(b). *See* Order dated Sept. 1, 2009 [20]. In that order, the Court discussed at length the facts that give rise to this case. *Id.* at 5-6. Accordingly, it does not restate them in detail here.

In an abundance of caution, the Court granted ISystems leave to amend its complaint. See Order dated Oct. 26, 2009 [24]. Spark Networks now seeks dismissal of the amended complaint, for essentially the same reasons that it sought dismissal in the first instance. Although ISystems offers additional facts to support some elements of its claims under the

Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*,

the amended complaint fails to state a RICO claim.  Additionally, ISystems fails to state a

claim for damages or injunctive relief under the Anticybersquatting Consumer Protection

Act, 15 U.S.C. § 1114(2)(D)(iv)-(v).  Thus, the Court grants the motion to dismiss.[1]

## II. THE AMENDED COMPLAINT FAILS TO ALLEGE A RICO ENTERPRISE

In dismissing ISystems' original complaint, the Court held that ISystems failed to

allege a RICO enterprise:

> "A RICO enterprise can be either a legal entity or an association-in-
> fact." *Id.*; *see* 18 U.S.C. § 1961(4) ("[An] 'enterprise' includes any individual,
> partnership, corporation, association, or other legal entity, and any union or
> group of individuals associated in fact although not a legal entity.").   An
> association-in-fact, for purposes of RICO, is "an ongoing organization, formal
> or informal, that functions as a continuing unit over time through a hierarchical
> or consensual decision-making structure."  *St. Paul Mercury Ins. Co. v.
> Williamson*, 224 F.3d 425, 441 (5th Cir. 2000).   "A pattern of racketeering
> activity is at least two predicate acts of racketeering activity (an indictable act
> under one or more various specified laws, mostly federal criminal provisions
> including mail and wire fraud) that show 'continuity plus relationship' with the
> legitimate business."  *Old Time Enters. v. Int'l Coffee Corp.*, 862 F.2d 1213,
> 1217 (1989) (internal citation omitted).  A RICO enterprise "is not 'a pattern
> of racketeering activity,' but must be 'an entity separate and apart from the
> pattern of activity in which it engages.'"  *Id.* (citing *Montesano v. Seafirst
> Commercial Corp.*, 818 F.2d 423, 427 (5th Cir. 1987)).   The person who
> violates section 1962(c) by engaging in a pattern of predicate racketeering acts
> must be "distinct from the enterprise whose affairs are thereby conducted."  *Id.*
> (citing *Bishop v. Corbitt Marine Ways, Inc.*, 802 F.2d 122, 122–23 (5th Cir.
> 1986)).
>
>> When the alleged section 1682(c) violator is a legal entity, such
>> as a corporation, this required separation is not established
>> merely by showing that the corporation, through its employees,

---

[1]The Court discussed the Rule 12(b)(6) and Rule 9(b) standards in its order dismissing
ISystems' original complaint.  The Court incorporates those standards into this Order as if
provided fully herein.  *See* Order dated Sept. 1, 2009 at 1-4.

officers, and/or directors, committed a pattern of predicate acts in the conduct of its own business. *Atkinson*[ *v. Anadarko Bank & Trust Co.*, 808 F.2d 438, 440–41 (5th Cir. 1987) (per curiam)]. Nor does the fact that individual officers and employees of a corporation, in the course of their employment associate together and commit in the conduct of the corporation's business a pattern of predicate acts in its name and on its behalf, suffice to constitute such officers and employees (alone or together with the corporation itself) an association in fact enterprise distinct from the corporation. *Id.* And, in *Montesano* we also explained that a RICO plaintiff must plead specific facts that establish an association that exists other than merely to commit the predicate acts that show pattern. 818 F.2d at 427.

*Id.* at 1217–18.

ISystems has failed to allege the existence of a RICO enterprise or a pattern of racketeering activity under RICO. On the face of ISystems' complaint, the alleged violators in this case appear to be two legal entities, Spark Networks Ltd. and Spark Networks, Inc.; an unidentified attorney, Fu; and three unidentified Doe Defendants. However, ISystems conflates the identity of the Spark Defendants by referring to them throughout its complaint, whether collectively or individually, as "Spark Networks." *See* Complaint at 2. The Court understands from reviewing the domain name dispute documents described *supra* at note 3, that Spark Networks Ltd. is the wholly-owned subsidiary of Spark Networks, Inc., and that Fu was the attorney and authorized representative of Spark Networks Ltd.

For purposes of section 1962(c), it is impossible for a "RICO person," in this case, the Spark Defendants and Fu, to associate with itself. Instead, the RICO person "must be distinct from the RICO 'enterprise.'" *In re Burzynski*, 989 F.2d 733, 743 (5th Cir. 1993) (holding that due to their association with each other it was legally impossible for a company, its law firm, and its litigation counsel to form an enterprise under section 1962(c)) (citing *Bishop*, 802 F.2d at 123). ISystems has failed to properly plead facts clearly showing that Spark Networks, Inc. played any role in racketeering activity distinct from the alleged role of Spark Networks Ltd. *See In re Burzynski*, 989 F.2d at 743; *Brown v. Coleman Investments, Inc.*, 993 F. Supp. 416, 429 (M.D. La. 1998). And, assuming Fu in fact made every statement and took every action ISystems alleges, the nature of each statement and action indicates that each statement and action could only have been made in the course of Fu's representation of Spark Networks Ltd. *See In re Burzynski*, 989 F.2d at 743.

ORDER – PAGE 3

Order of Sept. 1, 2009 at 8-10.

The amended complaint suffers from the same defect.  Like the original complaint, the amended complaint fails to plead facts clearly showing that Spark Networks, Inc. played any role in racketeering activity distinct from the alleged role of Spark Networks Ltd.  *See In re Burzynski*, 989 F.2d at 743; *Brown v. Coleman Investments, Inc.*, 993 F. Supp. 416, 429 (M.D. La. 1998).  In fact, just the opposite.  The amended complaint states: "Actions taken by Spark Limited complained of herein are, jointly and in the alternative alleged to have been taken by Spark Inc., through its control of Spark LTD."  Am. Compl. at 2 [25].  And, assuming Fu in fact made every statement and took every action ISystems alleges in the amended complaint, the nature of each statement and action indicates that each statement and action could only have been made in the course of Fu's representation of Spark Networks Ltd.  *See In re Burzynski*, 989 F.2d at 743.[2]  Thus, the amended complaint fails to allege a RICO person distinct from the RICO enterprise.  Accordingly, ISystems does not state a RICO claim.

### IV. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

---

[2]ISystems also alleges that the Doe Defendants, acting in concert with the Spark Defendants and Fu, engaged in the alleged racketeering activity.  However, the Court is still at a loss to understand exactly what involvement ISystems has attempted to allege on the part of the Doe Defendants.  ISystems names them as defendants in the introductory paragraph to its complaint, listing them as "unidentified co-conspirators," but does not specify any independent acts that the Doe Defendants committed in furtherance of the conspiracy.

ISystems briefly asserts a cause of action for damages and injunctive relief under the

Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1114(2)(D)(iv)-(v)[3],

which amended the Lanham Act, in the amended complaint's prayer for relief.  The amended

complaint does not cite the elements of ISystems' ACPA claims, nor does it identify any

facts that support its allegations.  The entire portion of the amended complaint that addresses

Isystems' ACPA claims states:

> WHEREFORE, Isystems, plaintiff, respectfully requests that the
> defendants be summoned to appear and answer, and upon final trial that the
> Court grant the relief requested herein, and further for the following legal and
> equitable relief:
> . . .
> 2. An order pursuant to 15 U.S.C. 1114(2)(D)(v) establishing that
> Plaintiff's registration of the domain name is not unlawful under Title 15
> U.S.C. chapter 22.
> 3. Relief pursuant to 15 U.S.C. 1114(2)(D)(iv), including recovery for
> damages, costs and attorney's fees; and, the entry of an injunction pursuant
> thereto, that the jdate.net domain be and remain registered to Plaintiff.

Am. Compl. at 25.  This formulaic language is insufficient to state a claim under the standard

articulated in *Twombly* and *Iqbal*.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(A plaintiff is required to provide "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do."); *Ashcroft v. Iqbal*, 129 S. Ct.

---

[3]The provisions that ISystems cites protect "domain name registrants against
'overreaching trademark owners.'" *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De
Barcelona*, 330 F.3d 617, 625 (4th Cir. 2003); *see Gen. Media Comms., Inc. v. Crazy Troll,
LLC*, 2007 WL 102988, at *7 (S.D.N.Y. 2007).  Specifically, they prohibit "reverse domain
name hijacking by a trademark owner."  *Gen. Media*, 2007 WL 102988, at *7.  Reverse
domain name hijacking occurs when a trademark owner abusively asserts its trademark rights
to strip a domain name from its true owner.  *Sallen v. Corinthians Licenciamentos LTDS*, 273
F.3d 14, 17 (1st Cir. 2001).

1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, the Court holds that ISystems fails to state a claim under ACPA.

## IV. THE COURT DECLINES TO EXERCISE ITS JUDGMENT UNDER THE FEDERAL DECLARATORY JUDGMENT ACT

The Court's subject matter jurisdiction in this case was based on federal questions involved in ISystems' RICO claim and claim for an injunction. Having dismissed those claims, the Court declines to exercise its jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (noting that the Declaratory Judgment Act provides a court with discretion to consider a request for declaratory judgment, but does not confer a right on the litigant to have that request heard).

### CONCLUSION

For the reasons provided above, the Court grants the motion to dismiss ISystems' amended complaint. Isystems did not seek further leave to amend a second time.

Signed June 28, 2010.

David C. Godbey
United States District Judge